**Kenneth S. BAKER, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 91–SC–957–KB.**

Supreme Court of Kentucky.

Jan. 16, 1992.

Barbara Rea, Kentucky Bar Ass'n, Frankfort, for the Kentucky Bar Ass'n.

Lowell W. Lundy, Barbourville, for Kenneth Baker.

### OPINION AND ORDER

Kenneth S. Baker, pursuant to SCR 3.480(3), has moved this Court to permit him to resign from the Kentucky Bar Association under terms of disbarment. The Kentucky Bar Association has no objections, thus we agree and grant the motion.

The grounds for such motion are as follows:

1. On June 20, 1991, the Inquiry Tribunal of the Kentucky Bar Association, issued charges against movant, Kenneth S. Baker, based upon allegations contained in

Indictments No. 90–36 and No. 90–37, of the District Court for the Eastern District of Kentucky at London. The complaint of the Inquiry Tribunal alleges that conduct of the movant violated DR 1–102(A)(3), (4), (5), and (6), which prohibit a lawyer from engaging in illegal conduct involving moral turpitude; conduct involving dishonesty, fraud, deceit, or misrepresentation; conduct that is prejudicial to the administration of justice; or any other conduct that adversely reflects on his fitness to practice law.

Movant, acting as president, secretary, treasurer, and majority stockholder in a Kentucky corporation during the period between January of 1986 to May of 1988, was charged by the Inquiry Tribunal with falsely swearing as to assets of the corporation in order to induce a financial institution to extend a loan. The Inquiry Tribunal, further alleged that movant from February, 1986 to May, 1988, concealed from a bankruptcy trustee the existence of property belonging to the estate of a debtor.

2. On November 1, 1991, movant entered a plea of guilty to three felony counts in Indictment No. 90–36, in the United States District Court for the Eastern District of Kentucky. This plea included admission of two counts of knowingly making false statements for the purpose of influencing the actions of a bank, and one count of knowingly and fraudulently concealing assets of the estate of a debtor from a trustee, appointed in bankruptcy.

3. Movant acknowledged that his conduct as charged by the Inquiry Tribunal and evidenced by his plea of guilty, represents violations of the Code of Professional Responsibility, such conduct tending to bring the bench and bar into disrepute.

Therefore IT IS ORDERED that Kenneth S. Baker's motion to resign from the Kentucky Bar Association is granted. IT IS FURTHER ORDERED THAT:

1. Movant shall not be permitted to engage in the practice of law, as defined by SCR 3.020, in the Commonwealth of Kentucky until such time as the Supreme Court of Kentucky enters an order reinstating his membership in the Kentucky Bar Association.

2. Movant shall not file an application for reinstatement for a period of five years from the date of this opinion and order. Furthermore, movant shall not seek reinstatement until any and all restitution or costs arising from the transactions which were the basis of the indictments against him are satisfied or paid.

3. Any application for reinstatement filed by movant shall be governed by SCR 3.520, reinstatement in case of disbarment, or any subsequent amendment to SCR 3.520.

4. Movant shall be responsible for payment of costs of the disciplinary investigation and proceedings in accordance with SCR 3.450.

5. Movant shall comply with the provisions of SCR 3.390 regarding notice to all courts in which he has matters pending and to all clients for whom he is actively involved in representation of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Movant shall furnish copies of such letters of notice to the Director of the Kentucky Bar Association. So much of this proceeding as contained in this order shall constitute public record.

All concur.

/s/  Robert F. Stephens
Chief Justice